**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIN ZHANG, | No. ED CV 26-1979-E |
|     Petitioner, | |
|     v. | ORDER FOR ENTRY OF JUDGMENT |
| TODD M. LYONS, ETC., ET AL., | |
|     Respondents. | |

On April 20, 2026, Petitioner, then a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus" and "Petitioner's Ex Parte Application for Temporary Restraining Order, etc." On April 23, 2026, Respondents filed "Respondents' Opposition, etc."

On April 24, 2026, the Court issued a Minute Order ("the April 24, 2026 Order"). For the reasons stated in the April 24, 2026 Order, the Court found that Petitioner had demonstrated a likelihood of success on the merits of his claims that his detention violated his due process rights. The Court granted a TRO, requiring, inter alia, that: (1) Respondents release Petitioner from detention immediately, subject to the conditions of his prior supervision; and (2) the parties file a Joint Report on or before April 30, 2026, discussing compliance with the TRO, as well as the nature and timing of any necessary further

proceedings in this case.

On April 30, 2026, the parties filed a "Joint Status Report."  Therein, Petitioner requests that the Court enter a final judgment on the merits of the Petition, based on the reasons and findings set forth in the April 24, 2026 Order.  Respondents confirm that Petitioner has been released from detention, and Respondents request that the Petition be dismissed as moot. "Alternatively, Respondents request that the Court enter judgment without requiring any further proceedings, consistent with the reasons and findings that are already set forth in the [April 24, 2026 Order]."

The Court finds that the Petition is not moot.  The granting of a TRO or a preliminary injunction does not moot the merits of a habeas petition.  See Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality opinion stating that an immigration detainee's release on bond following a preliminary injunction did not moot a habeas petition where the preliminary injunction had not been made permanent); accord Cruz v. Lyons, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); Ortiz Martinez v. Wamsley, 2025 WL 2899116, at *3-4 (W.D. Wash. Oct. 10, 2025). The interim injunctive relief granted in the present case would not be of any continuing legal effect if this case were closed without further action or judgment.  See Rodriguez v. 32nd Legislature of Virgin Islands, 859 F.3d 199, 207 (3d Cir. 2017) ("[a] preliminary injunction cannot survive the dismissal of a complaint") (quoting Venezia v. Robinson, 16 F.3d 209, 211 (7th Cir.), cert. denied, 513 U.S. 815 (1994)); Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1253 n.10 (10th Cir. 2006) (preliminary injunction "is ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause") (quoting Fundicao Tupy S.A. v. United States, 841 F.2d 1101, 1103 (Fed. Cir. 1988)).  Accordingly, because Petitioner faces a threat of unlawful re-detention absent permanent injunctive relief, the Petition continues to present concrete, collateral consequences that may be redressed.  See id.; see also Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007), cert. denied, 552 U.S. 1267 (2008) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation,

. . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

In similar circumstances, other judges of this Court have reached the conclusion that a former immigration detainee's habeas corpus petition was not mooted by interim injunctive relief resulting in the petitioner's release from incarceration.  See, e.g., Min v. Santacruz, 2026 WL 712965, at *2-3 (C.D. Cal. March 9, 2026), adopted, 2026 WL 1094758 (C.D. Cal. Apr. 22, 2026); Carballo v. Semaia, 2026 WL 381608 (C.D. Cal. Feb. 10, 2026); Im v. Semaia, 2026 WL 183856 at *1 (C.D. Cal. Jan. 23, 2026); N.Y.V.D. v. Santracruz, 2026 WL 45268 (C.D. Cal. Jan. 6, 2026); Cruz v. Lyons, 2025 WL 3443146 (C.D. Cal. Dec. 1, 2025); but see Hernandez Trujillo v. Janeka, 2026 WL 84314 (C.D. Cal. Jan. 12, 2026) (challenge to prolonged detention deemed mooted by release).

On the merits of the Petition, for the same reasons set forth in the April 24, 2026 Order, it is ordered that Judgment be entered:  (1) declaring that ICE's detention of Petitioner violated Petitioner's due process rights; and (b) enjoining Respondents from re-detaining Petitioner without compliance with applicable law.

Dated: May 4, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

3